UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
- - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                      No. 1:15-CR-183

    vs.                                   Hon. Janet T. Neff
                                           United States District Judge

MICHAEL AHO KENNEDY,

        Defendant.
_____/

## MOTION FOR AN ORDER OF FORFEITURE FOR A MONEY JUDGMENT

    Plaintiff United States of America, by and through its attorneys, Patrick A. Miles, Jr., United States Attorney for the Western District of Michigan, and Jennifer S. Murnahan, Assistant United States Attorney, respectfully submits its Motion for an Order of Forfeiture for a Money Judgment. In support of its motion, the government states as follows:

    1.    On October 8, 2015, an Indictment was filed charging Defendant, Michael Aho Kennedy with six counts of mail fraud and three counts of making and filing a false amended U.S. individual tax return in violation of 18 U.S.C. § 1341 and 26 U.S.C. § 7206(1), respectively. The Indictment included a forfeiture allegation indicating the government's intention to seek forfeiture of the real property known as 317 Hill Crest Drive, Petoskey, Michigan, more fully described as:

> LOT 21, PLAT OF VANTAGE VIEW, SECTION 12, T34N, R6W.
> RESORT TOWNSHIP, EMMET COUNTY, MICHIGAN, AS
> RECORDED IN LIBER 10 OF PLATS, PAGES 40 AND 41.

    Parcel No. 13-18-12-276-017.

Titled in the name of Grant MacDonald-Aho Kennedy, among other property, upon conviction of the scheme of mail fraud, in violation of 18 U.S.C. § 1341.

1

2.	The Defendant entered into a plea agreement with the Government and on November 30, 2015, Defendant pled guilty to Counts Six and Eight of the Indictment. As part of his plea agreement, the Defendant admitted that he used at least $102,340.00 in fraud proceeds to make mortgage loan payments on the residence at 317 Hill Crest Drive, Petoskey, Michigan, which he owned jointly with his ex-wife during most of the scheme to defraud. The ex-wife then conveyed the property to their son, Grant MacDonald Aho Kennedy, for no consideration.

The Defendant acknowledges that his interest in the house is forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

3.	As part of his plea agreement, the Defendant agreed to the imposition of an order of forfeiture for a money judgment in the amount of $67,000.00 in lieu of the United States forfeiting the real property listed in the Indictment. The parties agree that $67,000.00 represents the current amount of Defendant's equity in the real property. The Defendant agreed that he would pay this money judgment in full no later than 28 days prior to his sentencing date by obtaining a cashier's check payable to the "U.S. Treasury Service"[1] and deliver such check to the United States Attorney's Office, Western District of Michigan, P.O. Box 208, Grand Rapids, Michigan 49501-0208. The Government agreed that upon receipt of the check, it would release the real property of 317 Hillcrest Drive, Petoskey, Michigan, from forfeiture. The parties further agreed that if Defendant fails to pay the $67,000.00 money judgment 28 days prior to his sentencing date, the United States would move the Court for an order to extinguish the forfeiture money judgment and enter a preliminary order of forfeiture against the real property instead.

---

[1] The Plea Agreement entered in this matter inadvertently stated that payment was to be made to the U.S. Marshal Service, where in fact, payment needs to be made to the U.S. Department of Treasury, the investigative agency in this matter. This information was additionally relayed within correspondence to the defense on December 7, 2015.

4. By virtue of the Defendant's guilty plea and plea agreement, the United States now requests an Order of Forfeiture imposing a money judgment in the amount of $67,000.00 in United States currency against Defendant.

5. The entry of an order of forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure. Such orders of forfeiture are commonplace. *See, e.g., United States v. Hampton*, 732 F.3d 687, 692 (6th Cir. 2013) (a forfeiture money judgment is authorized regardless of whether defendant has assets sufficient to satisfy the money judgment at the time of sentencing); *United States v. Abdelsalam,* 311 F. App'x 832, 847 (6th Cir. 2009) ("A forfeiture action can take the form of a money judgment, forfeiture of specific assets, or forfeiture of substitute assets."); *United States v. Darji,* 609 Fed. App'x 320, (6th Cir. 2015) (following *Hampton*; "a defendant's ability to pay is not relevant in the forfeiture analysis"); *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (a money judgment "permits the government to collect on the forfeiture order in the same way that a successful plaintiff collects a money judgment from a civil defendant"); *United States v. Baker*, 227 F.3d 955 (7th Cir. 2000) (a forfeiture order may include a money judgment for the amount of money involved in the money laundering offense; the money judgment acts as a lien against the defendant personally for the duration of his prison term and beyond). The Court may satisfy that judgment pursuant to 21 U.S.C. § 853(p) with "substitute assets."

WHEREFORE, by virtue of the Defendant's guilty plea and the terms of his plea agreement, the United States respectfully requests that a money judgment in the amount of $67,000.00 in United States currency be entered.

Respectfully submitted,

PATRICK A. MILES, JR.
United States Attorney

Dated: December 10, 2015        /s/ Jennifer S. Murnahan
                                                       JENNIFER S. MURNAHAN
                                                       Assistant United States Attorney
                                                       P.O. Box 208
                                                       Grand Rapids, MI 49501-0208
                                                       (616) 456-2404