UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,        No. 1:15-CR-183

vs.        Hon. Janet T. Neff
        United States District Judge

MICHAEL AHO KENNEDY,

        Defendant.
_____/

## MOTION FOR A SECOND ORDER OF FORFEITURE FOR A MONEY JUDGMENT

Plaintiff United States of America, by and through its attorneys, Patrick A. Miles, Jr., United States Attorney for the Western District of Michigan, and Jennifer S. Murnahan, Assistant United States Attorney, respectfully submits its Motion for a Second Order of Forfeiture for a Money Judgment.   In support of its motion, the government states as follows:

1.    On October 8, 2015, an Indictment was filed charging Defendant, Michael Aho Kennedy with six counts of mail fraud and three counts of making and filing a false amended U.S. individual tax return in violation of 18 U.S.C. § 1341 and 26 U.S.C. § 7206(1), respectively.   The Indictment included a forfeiture allegation indicating the government's intention to seek forfeiture of the real property known as 317 Hill Crest Drive, Petoskey, Michigan, more fully described as:

> LOT 21, PLAT OF VANTAGE VIEW, SECTION 12, T34N, R6W. RESORT TOWNSHIP, EMMET COUNTY, MICHIGAN, AS RECORDED IN LIBER 10 OF PLATS, PAGES 40 AND 41.

Parcel No. 13-18-12-276-017,

titled in the name of Grant MacDonald-Aho Kennedy, among other property, upon conviction of the scheme of mail fraud, in violation of 18 U.S.C. § 1341.

1

2. The Defendant entered into a plea agreement with the Government and on November 30, 2015, Defendant pled guilty to Counts Six and Eight of the Indictment. As part of his plea agreement, the Defendant admitted that he used at least $102,340.00 in fraud proceeds to make mortgage payments on the residence at 317 Hill Crest Drive, Petoskey, Michigan, which he owned jointly with his ex-wife during most of the scheme to defraud. The ex-wife then conveyed the property to their son, Grant MacDonald Aho Kennedy, for no consideration. The Defendant acknowledges that his interest in the house is forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and the parties agreed that Defendant's equity in the residence to be approximately $67,000. The government has submitted a separate motion for a money judgment in the amount of $67,000, in lieu of the forfeiture of the above-described residence.

3. Also in his plea agreement, the Defendant acknowledged that he received fraud proceeds in the amount of $1,214,898.30 as a result of his scheme to defraud. In that agreement, the Defendant consents to the entry of a second forfeiture money judgment in the amount of $1,147,898.30, which represents the total amount of fraud proceeds less the $67,000.00 money judgment in Paragraph 2, above, that the Defendant has already consented to pay.

4. The entry of an order of forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure. Such orders of forfeiture are commonplace. *See, e.g., United States v. Hampton*, 732 F.3d 687, 692 (6th Cir. 2013) (a forfeiture money judgment is authorized regardless of whether defendant has assets sufficient to satisfy the money judgment at the time of sentencing); *United States v. Darji,* 609 Fed. App'x 320, (6th Cir. 2015) (following *Hampton*; "a defendant's ability to pay is not relevant in the forfeiture analysis"); *United States v. Abdelsalam,* 311 F. App'x 832, 847 (6th Cir.

2009) ("A forfeiture action can take the form of a money judgment, forfeiture of specific assets, or forfeiture of substitute assets."); *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (a money judgment "permits the government to collect on the forfeiture order in the same way that a successful plaintiff collects a money judgment from a civil defendant"); *United States v. Baker*, 227 F.3d 955 (7th Cir. 2000) (a forfeiture order may include a money judgment for the amount of money involved in the money laundering offense; the money judgment acts as a lien against the defendant personally for the duration of his prison term and beyond). The Court may satisfy that judgment pursuant to 21 U.S.C. § 853(p) with "substitute assets."

WHEREFORE, by virtue of the plea of guilty that has been accepted by this Court, and the determination of the amount of money derived from the offense for which Defendant has been convicted, the United States respectfully requests that a money judgment in the amount of $1,147,898.30 in United States currency be entered.

                                  Respectfully submitted,

                                  PATRICK A. MILES, JR.
                                  United States Attorney

Dated: December 10, 2015              /s/ Jennifer S. Murnahan
                                  JENNIFER S. MURNAHAN
                                  Assistant United States Attorney
                                  P.O. Box 208
                                  Grand Rapids, MI 49501-0208
                                  (616) 456-2404