UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
- - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                             No. 1:15-CR-00183

      vs.                                     HON.  JANET T. NEFF
                                         U.S. DISTRICT JUDGE

MICHAEL AHO KENNEDY,

        Defendant.
_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

### I.  INTRODUCTION

Defendant, Michael Aho Kennedy, will be sentenced on April 11, 2016.  The final presentence investigation report ("PSR") calculates a total offense level of 26 and a criminal history category of I, resulting in a range of imprisonment of 63 to 78 months.

Mr. Kennedy raises only one objection to the PSR.  He objects to the Probation Officer's finding that he obstructed justice with respect to his tax offenses.  The United States addresses this objection below, as well as its position that some portion of any sentence of imprisonment by this Court should run consecutively to his undischarged term of imprisonment that he is currently serving in the Michigan Department of Corrections.

### II.  LEGAL ARGUMENT

**A.**    **The Probation Officer Correctly Applied the Obstruction of Justice Enhancement**

The Probation Officer correctly assigned Mr. Kennedy a two-level enhancement for obstructing justice related to the investigation of the federal tax offenses; however, resolution of this issue does not ultimately affect Mr. Kennedy's sentencing guideline range because the tax

offenses group with the mail fraud offenses and the mail fraud offenses carry the higher adjusted offense level.

Application Note 4(C) provides that "producing or attempting to produce a false, altered, or counterfeit document or record during an official investigation or judicial proceeding" constitutes obstruction of justice. Similarly, Application Note 4(G) provides that the enhancement may apply when a defendant provides a materially false statement to law enforcement that significantly obstructs an official investigation. Both application notes justify the Probation Officer's conclusion that the enhancement should apply here.

The IRS Examination Division was investigating Kennedy's failure to pay the taxes due and owing on his 2008 and 2009 tax returns in late 2010 and early 2011. Kennedy's bank records showed large deposits with the designation "Weber" on them. Kennedy's accountant characterized these deposits as income, thereby generating large tax liabilities for tax years 2008 and 2009. These deposits were in fact income because they were embezzled funds.

In or around March, 2011, the IRS garnished the wages of Kennedy's spouse to apply to the outstanding tax liabilities. At that time, Kennedy had an "epiphany" (his own words) that the deposits to his account were not income but in fact "working capital." As a result, he wrote his accountant, John Blair, and started the process of removing the embezzled funds from his tax returns by claiming that the large deposits associated with those funds were working capital and not income. (Exhibit 1, letter to accountant). As explained in Exhibit 1, Kennedy pitched the same false story to IRS Agent Kurt Hein. And, for good measure, he created a false promissory note making it look like the victim's trust loaned him money and provided the false promissory note to the IRS. (Exhibit 2, promissory note). In subsequent interviews with investigative agents

of the IRS, Kennedy continued to advance the false story that the victim's trust had loaned him money.

Kennedy's conduct clearly qualifies as obstruction of justice under both Application Notes referenced above.  Kennedy produced a false document during an official investigation within the meaning of Application Note 4(C) when he created the false promissory note and provided it to the IRS.  Similarly, the filing of his amended federal tax returns constituted the production of additional false records during the official investigation.  Kennedy also provided materially false statements to the IRS when he met with investigators and advanced the story that the deposits to his account were in fact working capital and not income.  All of this conduct significantly obstructed or impeded the official investigation of his tax returns by the IRS within the meaning of Application Note 4(G).  His conduct required the IRS to:  interview his accountant and others to determine the bases for his claim that he loaned himself funds from the trust; investigate whether he in fact spent those funds on the victim as he represented; and, determine whether the promissory note he produced was in fact in existence in March of 2011 as represented.  For all these reasons, the United States respectfully asserts that Kennedy's objection to the enhancement for obstruction of justice should be overruled and the Probation Officer's decision to apply the enhancement should be upheld.

**B.**     **The United States Believes That Some Portion of Defendant's Sentence in Federal Court Should Run Consecutively to his Undischarged State Sentence**

Kennedy was sentenced to 6 to 20 years' imprisonment in State court after having been charged by complaint with embezzlement related to victim Virginia Weber. (Exhibit 3, State Court complaint and judgment).  Unlike the federal prosecution, the State prosecution focused only upon victim Virginia Weber and obviously did not address Kennedy's separate crimes of filing false federal tax returns.  Clearly, Kennedy should receive a substantial credit towards any

federal sentence for the time that he is currently serving in State custody for his embezzlement from Virginia Weber.  However, the United States respectfully submits that some portion of any guideline sentence that Kennedy receives from this Court should run consecutively with his State sentence.

The Probation Officer concluded that, under the sentencing guidelines, any federal sentence of imprisonment should run concurrently with the State sentence because the federal term of imprisonment "resulted from another offense [the State embezzlement charge] that is relevant conduct to the instant offense of conviction [the federal mail fraud and tax convictions] under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct)." (PSR ¶ 109; U.S.S.G. § 5G1.3(b)).  The Probation Officer's interpretation of the guidelines may be correct.  However, the United States does note that Application Note 2(A) provides that section § 5G1.3(b)'s mandate of concurrent sentences only applies when all of the prior offense is relevant conduct to the instant [federal] offense, and not when only part of the prior offense is relevant conduct to the instant offense.  In the latter case, § 5G1.3(d) applies, which gives this Court discretion to make the federal sentence either concurrent or consecutive to the prior State offense.  There is certainly an argument here that if the State offense is relevant conduct to the federal offenses, then it is not relevant conduct to all of the federal offenses.

Regardless of the outcome of the difficult interpretation of § 5G1.3, the relevant statute, 18 U.S.C. § 3584(a), provides that "[I]f multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . ."  The United States respectfully requests that this Court exercise its discretion to run some portion of the federal sentence consecutive to the undischarged State sentence.  The

United States notes that the guideline range for the federal tax offenses if scored alone would be 30 to 37 months (offense level 22 – 3 for acceptance = 19).

There is no question that Kennedy received a significant sentence in State court. However, failing to require him to serve any time in the Bureau of Prisons on his federal sentence would ignore that his State sentence for embezzlement was limited to his conduct with respect to one victim and did not account at all for his federal tax offenses.

### III.  CONCLUSION

For the reasons set forth above, the United States respectfully requests that the Court impose a guideline sentence of 63 to 78 months.  The United States further requests that the Court exercise its discretion and order that some portion of his guideline sentence run consecutively to his undischarged State sentence.

Respectfully submitted,

PATRICK A. MILES, JR.
United States Attorney

Dated: March 31, 2016

/s/ Ronald M. Stella
RONALD M. STELLA
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI  49501-0208
(616) 456-2404