UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
- - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                     No. 1:15-CR-183

     vs.                              Hon. Janet T. Neff
                                         United States District Judge

MICHAEL AHO KENNEDY,

        Defendant.
_____/

### UNOPPOSED MOTION TO EXTINGUISH $67,000 FORFEITURE MONEY JUDGMENT AND ENTER PRELIMINARY ORDER OF FORFEITURE FOR REAL PROPERTY

    Plaintiff United States of America, by and through its attorneys, Patrick A. Miles, Jr., United States Attorney for the Western District of Michigan, and Joel S. Fauson, Assistant United States Attorney, respectfully submits its Motion to Extinguish $67,000 Forfeiture Money Judgment and Enter a Preliminary Order of Forfeiture for Real Property.  The undersigned contacted the Defendant's counsel, who indicated that Defendant does not oppose this motion.

    1.    On October 8, 2015, an Indictment was filed charging Defendant, Michael Aho Kennedy with six counts of mail fraud and three counts of making and filing a false amended U.S. individual tax return in violation of 18 U.S.C. § 1341 and 26 U.S.C. § 7206(1).  (R.1: Indictment, PageID.9-10).  The Indictment included a forfeiture allegation indicating the government's intention to seek forfeiture of the real property known as 317 Hillcrest Drive, Petoskey, Michigan upon Defendant's conviction for mail fraud in violation of 18 U.S.C. § 1341.  The property was more fully described as:

        LOT 21, PLAT OF VANTAGE VIEW, SECTION 12, T34N, R6W.
        RESORT  TOWNSHIP,  EMMET  COUNTY,  MICHIGAN,  AS

1

RECORDED IN LIBER 10 OF PLATS, PAGES 40 AND 41.

Parcel No. 13-18-12-276-017.

hereinafter, the "Subject Property."

2. The Defendant entered into a plea agreement with the Government and on November 30, 2015, Defendant pled guilty to Counts Six and Eight of the Indictment. (R.17: Plea Agreement, PageID.37 – 52; R.19: Minutes.) As part of his plea agreement, the Defendant admitted that he used at least $102,340.00 in fraud proceeds to make mortgage loan payments on the residence at 317 Hillcrest Drive, Petoskey, Michigan, which he owned jointly with his ex-wife during most of the scheme to defraud. The ex-wife then conveyed the property to their son, Grant MacDonald Aho Kennedy, for no consideration. The Defendant acknowledged that his interest in the house is forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). (R.17: Plea Agreement, PageID.39 – 40.)

3. As part of his plea agreement, the Defendant agreed to the imposition of an order of forfeiture for a money judgment in the amount of $67,000.00 in lieu of the United States forfeiting the Subject Property. The parties agreed that $67,000.00 represented the current amount of Defendant's equity in the real property. The Defendant agreed that he would pay this money judgment in full no later than 28 days prior to his sentencing date of April 11, 2016. The Government agreed that upon receipt of the payment, it would release the Subject Property from forfeiture. The parties further agreed that if Defendant failed to pay the $67,000.00 money judgment 28 days prior to his sentencing date, the United States would move the Court for an order to revoke the forfeiture money judgment and enter a preliminary order of forfeiture against the Subject Property instead. (*Id.*, PageID.39 – 40.)

4.     On December 14, 2015, the Court entered a forfeiture money judgment against the Defendant in the amount of $67,000.  The order provided that, per the terms of Defendant's plea agreement, he was required to pay the full amount of the $67,000 forfeiture money judgment not later than 28 days prior to his sentencing date.  (R.25: Order of Forfeiture for a Money Judgment, PageID.70 – 71.)

5.     To date, the Defendant has failed to make the agreed upon $67,000.00 payment. The government now requests that the Court extinguish the $67,000.00 forfeiture money judgment and enter a preliminary order of forfeiture against the Subject Property in lieu thereof.  The government has consulted with defense counsel, who advised that the Defendant does not oppose this motion.

6.     "If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture…directing the forfeiture of specific property…if the government has met the statutory criteria."  Fed. R. Crim. P. 32.2(a)(2)(A).  "The court must enter the order without regard to any third party's interest in the property.  Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c)."  *Id.*

7.     If the Court grants this motion, the United States will issue notice of the preliminary order of forfeiture in accordance with 21 U.S.C. § 853(n)(1) and Federal Rule of Criminal Procedure 32.2(b)(6) so that any third parties that may have an interest in the Subject Property may file a petition in accordance with 21 U.S.C. § 853(n)(2) and (3).

WHEREFORE, the United States requests that this Court extinguish the Order of Forfeiture for Money Judgment in the amount of $67,000.00 previously entered and enter a preliminary order of forfeiture for the Subject Property.  A proposed order accompanies this

3

motion.

                                                Respectfully submitted,

                                                PATRICK A. MILES, JR.
                                                United States Attorney

Dated: April 5, 2016                         /s/ Joel S. Fauson
                                                JOEL S. FAUSON
                                                Assistant United States Attorney
                                                P.O. Box 208
                                                Grand Rapids, MI 49501-0208
                                                (616) 456-2404