UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,              No. 1:15-CR-183

     vs.                       Hon. Janet T. Neff
                                    U.S. District Judge

MICHAEL AHO KENNEDY,

                Defendant,
_____/

CHEMICAL BANK,

                Petitioner.
_____/

## STIPULATED SETTLEMENT AGREEMENT

IT IS HEREBY STIPULATED by and between the United States of America and

Petitioner Chemical Bank, successor by merger to The Bank of Northern Michigan, to

compromise and settle its interest in the Real Property commonly known as 317 Hillcrest Drive,

Petoskey, Michigan, more fully described as:

> LOT 21, PLAT OF VANTAGE VIEW, SECTION 12, T34N, R6W.
> RESORT TOWNSHIP, EMMET COUNTY, MICHIGAN, AS
> RECORDED IN LIBER 10 OF PLATS, PAGES 40 AND 41.
> Parcel No. 13-18-12-276-017.
>
> Parcel No. 13-18-12-276-017, titled in the name of Grant MacDonald-Aho
> Kennedy.

(hereafter referred to as the "Real Property").

This settlement is entered into between the parties pursuant to the following terms:

Exhibit 4

1.    The parties to this Agreement hereby stipulate that Chemical Bank is a lienholder of the Real Property.   The parties further stipulate that, by virtue of its lien, which it secured in January 2005 prior to the commencement of Defendant's criminal activity, Chemical Bank had a prior vested or superior interest in the Real Property to the United States under 21 U.S.C. § 853(n)(6)(A).

2.    The parties to this Agreement agree that upon an entry of a final order of forfeiture forfeiting the Real Property to the United States subject to Chemical Bank's interest, Chemical Bank shall sell the Real Property and distribute the proceeds of the sale, as follows:

a.    All unpaid principal due to Chemical Bank pursuant to the Promissory Note dated September 10, 2009, in the original principal amount of $130,000.00 (PageID.274 – 275), to Chemical Bank[1], secured by a Mortgage dated January 7, 2005, and recorded with the Emmet County Register of Deeds office on January 24, 2005, Liber 1061, Page 211 (PageID.276-293). The principal amount due and owing to Chemical Bank as of June 22, 2016 is $116,051.56, including attorney fees and costs.

b.    All unpaid interest at the base contractual rate (not the default rate) under the above Note secured by the Mortgage, which is charged at 5% per annum, and late fees.   As of June 22, 2016, the unpaid interest and late fees are $4,799.22.

c.    Satisfaction of all outstanding taxes on the Real Property and costs of sale (including but not limited to commissions, title insurance premiums and survey expenses), if not paid for by the purchaser of the Real Property as part of the sale agreement,

d.    Any remaining proceeds shall be forfeited by the United States.

---

[1] Chemical Bank is a successor by merger to The Bank of Northern Michigan as evidenced by Assignment of Mortgage Pursuant to Merger filed with the Emmet County Register of Deeds, Liber 1184, Page 889.

2

Exhibit 4

3.      Chemical Bank shall email a copy of the closing statement to the United States Attorney's Office, to the attention of AUSA Joel S. Fauson, promptly upon its receipt by Chemical Bank. After review of the closing statement to ensure that it is in accordance with the terms of this Agreement, the United States Attorney's Office will provide a release of its affidavit of interest, lis pendens, and any restitution lien attached to the Real Property from case number 1:15-cr-183, and (a) waives all statutory rights of redemption provided by Michigan law, (b) assigns and conveys such rights of redemption to Chemical Bank, and (c) agrees not to exercise such rights of redemption. The proceeds due to the United States in accordance with paragraph 2.d. shall be sent via certified check or wire transfer pursuant to instructions provided by the United States.

4.      This Agreement shall be in full settlement and satisfaction of all claims by Chemical Bank to the Real Property, and of all claims arising from and relating to the seizure, detention, and forfeiture of the Real Property. Chemical Bank agrees to release and hold harmless the United States, and any agents, servants, and employees of the United States (and any involved state or local law enforcement agencies and their agents, servants, or employees), in their individual or official capacities, from any and all claims by Chemical Bank and its agents that currently exist or that may arise as a result of the Government's actions against and relating to the Real Property.

5.      Chemical Bank understands and agrees that by entering into this settlement of its interest in the Real Property, it waives any rights to litigate further its interest in the Real Property with the United States and to petition for remission or mitigation of the forfeiture.

6.      This Agreement is contingent upon the Court's entry of a final order of forfeiture approving this Agreement.

3

Exhibit 4

Respectfully submitted,

PATRICK A. MILES, JR.
United States Attorney

Dated: 6-22-16

JOEL S. FAUSON
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404

Dated: 6-22-16

STEVEN J. HAWKINS
Vice President
Chemical Bank

Dated: 6/22/16

TIMOTHY HILLEGONDS
Attorney for Petitioner Chemical Bank
900 Fifth Third Center, 111 Lyon St.
Grand Rapids, MI 49503
(616) 752-2132

4

Exhibit 4