UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - -

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

MICHAEL AHO KENNEDY,

       Defendant.
_____/

No. 1:16-CR-183

Hon. Janet T. Neff
United States District Judge

CHEMICAL BANK,

       Petitioner.
_____/

## FINAL ORDER OF FORFEITURE FOR
## 317 HILLCREST DRIVE, PETOSKEY, MI

The Government's and Petitioner's Joint Motion for Final Order of Forfeiture details the procedural and notice predicate for the requested Final Order. The United States provided notice of the Preliminary Order of Forfeiture in accordance with 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure. A Claim was filed by Chemical Bank, to the following property, known as 317 Hillcrest Drive, Petoskey, Michigan, more fully described as:

> LOT 21, PLAT OF VANTAGE VIEW, SECTION 12, T34N, R6W. RESORT TOWNSHIP, EMMET COUNTY, MICHIGAN, AS RECORDED IN LIBER 10 OF PLATS, PAGES 40 AND 41. Parcel No. 13-18-12-276-017.

> Parcel No. 13-18-12-276-017, titled in the name of Grant MacDonald-Aho Kennedy.

Hereinafter, the "Real Property." Chemical Bank's claim is based on a promissory note secured by a mortgage that it had extended to Defendant Michael Aho Kennedy in 2005. No other

claims were filed against the Real Property. Accordingly, pursuant to 21 U.S.C. § 853(n)(7), the Court finds that any other third party rights that may exist in the property are hereby extinguished for failure to file a claim. *See* 21 U.S.C. § 853(n)(2), (n)(7).

The United States and Chemical Bank entered into a Stipulated Settlement Agreement to settle Chemical Bank's claim. (PageID.272-273). The parties have agreed that Chemical Bank shall sell the Real Property and distribute the proceeds from the sale, as set forth in the parties' Stipulated Settlement Agreement. The Court approves this resolution.

Accordingly, based on all matters of record, IT IS ORDERED:

1. That the Real Property is hereby forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), subject to Chemical Bank's claim.

2. That Chemical Bank shall sell the property, pursuant to the terms contained in the parties' Stipulated Settlement Agreement.

3. That pursuant to 21 U.S.C. § 853(n)(7) and subject to the United States' interest and obligations contained in the parties' Stipulated Settlement Agreement, Chemical Bank has clear title to sell the Real Property.

4. That upon distribution of the sale proceeds in accordance with paragraphs 2.a., 2.b., and 2.c. of the Stipulated Settlement Agreement to satisfy Chemical Bank's interest, any remaining proceeds shall be distributed to the United States in accordance with paragraph 2.d. of the Stipulated Settlement Agreement. Such remaining proceeds are hereby forfeited to the United States and shall be disposed of by the Department of Treasury, Internal Revenue Service, in accordance with applicable law and regulation.

IT IS FURTHER ORDERED that the United States District Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

**SO ORDERED.**

Dated: _____

                                                JANET T. NEFF
                                                United States District Judge