To the Clerk of the U.S. District Court
Case #: 1:15CR183-JTN

Objections to Writ of Garnishment and Motion

I, Michael Kennedy, Debtor/Defendant, in proper, ("Kennedy") object to the issuance of the Clerk's Post-Judgment Garnishment of Kennedy's Teacher's Pension, because:

FILED - GR
June 29, 2016 10:18 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: ns / ____ Scanned: KW 6-29

1. Kennedy received a copy of the Application for Writ of Continuing Garnishment etc on June 8, 2016 at Macomb Correctional Facility.

2. The Application seeks to garnish Kennedy's Teacher's Pension because Kennedy has not paid his $200 special assessment due upon sentencing.

3. Kennedy was not able to immediately pay the $200 because the Michigan State Treasurer obtained a freeze upon Kennedy's Pension's monies.

-1-

4. The State's freeze is pursuant to Michigan seeking reimbursement for Kennedy's incarceration costs pursuant to SCFRA. MCL 800.401 et seq.

5. The State's freeze occurred 5 days prior (April 6, 2016) to this Court's restitution order in its April 11, 2016 "Judgment In A Criminal Case", towit: Case No 1:15CR183-01. See State Exhibit 1.

6. The freeze of Kennedy's pension has made it impossible for Kennedy to pay, when first due, the $200 special assessment, as the pension is Kennedy's only source of income now to pay debts.

7. Kennedy has already paid $75.00 in restitution to Michigan Department of Corrections ("MDOC") which has not reported the restitution to this Court. See MDOC Receipts. Exhibits 2.

8. Kennedy's sister, Kirsten Gaither, has voluntarily paid, now, the

-2-

$200 special assessment, and first quarterly $25 IFRP, directly to this Clerk, which should be credited to Kennedy's restitution order by the time of this reading.

9. It is the intent of Kennedy's sister to continue paying the Court's restitution payment plan until Kennedy obtains access to his frozen pension.

10. Consequently, Kennedy has <u>not</u> <u>willfully</u> failed to pay, timely, the $200 special assessment because:

    A. Kennedy's pension account is frozen and unavailable to Kennedy to initially pay such monies.

    B. MDOC has not forwarded $75.00 to this Clerk for credit toward restitution

## Motion

11. The Court may deny a garnishment order on the motion of Kennedy or on its own initiative. 28 USCS 3013.

12. Kennedy moves the Court to deny the Clerk's issuance of a garnishment pursuant to 28 USCS 3013.

13. This garnishment writ merits being quashed because Kennedy's pension was frozen and unavailable to Kennedy to make, timely, the first $200 restitution special assessment.

14. This Court's restitution Order has <u>not ordered all the restitution immediately due.</u>

15. Instead, this Court has, twice, only ordered, immediately payable, the $200 special assessment, which payment was impossible due to the State's freezing of Kennedy's monies 5 days earlier than the date of this Court's restitution Order. See Court's "Special instructions regarding payment of criminal monetary penalties;" and "Additional Sentencing Conditions, Restitution."

-4-

16. The balance of Kennedy's installment payments are not in default, and indeed are expected to be paid by Kennedy's family.

17. Thus, since there are no payments due, there is nothing to enforce by garnishment. U.S. v Roush (2006 ND Tex) 452 FSupp 2nd 676

18. The plaintiff is limited to the rights and obligations of this Court's judgment, therefore there being no payments in default, and none heretofore willfully not made in disregard of this Court's restitution order, there is nothing to enforce by garnishment  US v Roush, supra.

Therefore, Kennedy respectfully asks this Court to deny Plaintiff's Application for Garnishment and to quash any outstanding writs because:

A. Kennedy did not willfully fail to immediately pay the Court's ordered $200 special assessment.

B. Kennedy's family has now paid the $200 special assessment; and the first $25 quarterly IFRP payment.

C. Kennedy moves this Court to exercise its discretion, under 28 USCS 3013, to quash the garnishment writs due to Kennedy's 'hardship;' to wit Kennedy's <u>inability</u> to access his pension monies to pay the first $200 special

assessment because of the State freezing Kennedy's pension

D. Kennedy has shown good faith by already paying $75.00 in restitution monies — which has not yet been reported to this Court.

E. Note: The State Bar of Michigan, Client Protection Fund is paying $150,000 to the Estate of Virginia Weber. See attached letter. Exhibit 3

And, the Fund is also considering paying David Dombroski.

The Fund does not believe that it must pay its monies through, nor notify, this Court of its payments as it expects the payees to forward restitution monies back to the Fund that the payees receive from this Court.

Signed     6/21/16

Michael Kenny

- Macomb Correctional Facility, 34625 26 Mile Rd
New Haven MI 48048 -7-

Michael Kennedy 972647
Macomb Prison
34625 26 Mile Rd
New Haven, MI 48048




Clerk of the United States Dist. Court, Western Dist
Gerald R. Ford Federal Building, Rm. 399
110 Michigan Ave.
Grand Rapids, MI 49503