UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

    Plaintiff,                           Case No. 1:15CR183-01

    v.                                 Honorable Janet T. Neff
                                         United States District Judge

MICHAEL AHO KENNEDY,

    Defendant.
_____/

**UNITED STATES' MEMORANDUM IN RESPONSE
TO DEFENDANT'S OBJECTION TO WRIT OF GARNISHMENT**

       Comes now the United States, by and through Patrick A. Miles, Jr., United States Attorney, and the undersigned Assistant United States Attorney, and pursuant to this Court's Order of July 19, 2016, hereby files its Response to the Defendant's pro se Objection to Writ of Garnishment and Motion for Hearing. For the reasons enumerated below, the United States submits that Mr. Kennedy's objection to the garnishment is not valid, no hearing is necessary, and the garnishment order should issue.

**BACKGROUND**

       On April 11, 2016, Judgment in a Criminal Case was entered against Defendant requiring him to pay a $200.00 special assessment and $1,388,467.62 non-federal restitution to Linda Burton-Collier, Conservator and Personal Representative of the Estate of Virginia R. Weber, and David Dombroski, Personal Representative for the Estate of Jacqueline Ruth Dombroski.[1] (R. 38). Pursuant to the Judgment, "the restitution is to be paid in minimum quarterly installments of $25.00 based on IFRP participation, or minimum monthly installments of $20.00 based on UNICOR

---

[1] The Court also ordered Mr. Kennedy to pay restitution to the Internal Revenue Service in the amount of $173,568.72, but this amount will not be paid until the individual victims have received payment. (R. 38, PageID.232, 233).

earnings, during the period of incarceration, to commence 60 days after the date of this judgment. Any balance due upon commencement of supervision shall be paid, during the term of supervision, in minimum monthly installments of $200.00 to commence 60 days after release from imprisonment.  The defendant shall apply all monies received from income tax refunds, lottery winnings, judgments, and/or any other anticipated or unexpected financial gains to any outstanding court-ordered financial obligations." (R. 38, PageID 234). Defendant paid his special assessment on June 20, 2016, and has made payments totaling $25.00 towards his restitution.

The United States Attorney General is statutorily obligated to collect restitution and fines. 18 U.S.C. § 3612(c).  Those collection efforts may be in accordance with the practice and procedure for collecting civil judgments.  18 U.S.C. § 3613(a) and (f).  *United States v. Walker*, 353 F.3d 130, 133 (2d. Cir., 2003); *United States v. James*, 312 F.Supp. 2d 802, Employee Benefits Case. (E.D. Va. Apr. 5, 2004). Enforcement of the order of restitution against all of a debtor's property, with certain enumerated exceptions, is authorized by 18 U.S.C. § 3664(m), 18 U.S.C. § 3574, and 18 U.S.C. § 3613. Therefore, a garnishment was initiated against Mr. Kennedy's monthly benefit from his ex-wife's pension account at the Michigan Public School Employees Retirement System.[2]

As required by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3202(b), the Defendant/debtor was notified that he could request a hearing to quash any court order granting an enforcement remedy.  Mr. Kennedy objected to the garnishment of his funds held in his ex-wife's pension account at Michigan Public School Employees Retirement System, and requested a hearing. (R. 58).

---

[2] Mr. Kennedy received a portion of his ex-wife's retirement income in their divorce settlement.

2

**ARGUMENT**

Mr. Kennedy's objection to the garnishment and request to quash relates to another civil action that has been commenced by the State of Michigan, under MCL 800.401 et seq., the State Correctional Facility Reimbursement Act ("SCFRA"). Through this Act, the State may recover the costs of incarceration from inmates housed in state correctional facilities, by executing on an enumerated list of assets, including pension and retirement benefits. MCL 800.4014a(a). Under the statute, the State may seize 90% of an inmate's assets to contribute toward that inmate's costs of incarceration. MCL 800.403. To effectuate the seizure, the State must file a civil complaint and may request an *ex parte* order freezing an inmate's assets until the State Circuit Court issues a judgment.[3]

Mr. Kennedy is incarcerated in a State Correctional Facility, specifically Macomb Correctional Facility in New Haven, Michigan, and the State is incurring costs to house him. However, as of April 11, 2016, the date that this Court's restitution lien arose, the State had not obtained a judgment on its civil suit because the total amount of costs of incarceration had not been ascertained. Thus the State's lien was not perfected because it was not choate. To be choate, a lien must be specific as to the identity of the lienor, the property subject to the lien, and the *amount* of the lien. *United States v. City of New Britain, Conn.*, 347 U.S. 81, 84 (1954). The State's civil suit and freeze on Kennedy's retirement benefits, even if permissible under federal law, are "merely a

---

[3] It is unclear whether this state law provision permitting execution against pension or retirement benefits violates the anti-alienation clause of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1056(d)(1). *See* U.S. Const. art. VI, cl. 2: "This Constitution, and the Laws of the United States . . . shall be the Supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the . . . Laws of any State to the Contrary notwithstanding." The Mandatory Victim Restitution Act ("MVRA"), under which this garnishment is proceeding, contains an express exemption that overrides ERISA's anti-alienation clause in order to enforce a federal restitution order. *See* 18 U.S.C. § 3613(a): "*Notwithstanding any other Federal law* . . . a judgment imposing a fine [or restitution] *may be enforced against all property* . . . of the person fined. . . ." (emphasis added). Furthermore, under 18 U.S.C. § 3613(c), "an order of restitution . . . is a lien in favor of the United States on *all property* . . . *of the person fined* as if the liability of the person fined were a liability for a [federal] tax. . . ." (emphasis added).

3

lis pendens notice that a right to perfect a lien exists. . . Otherwise, a State could affect the standing of federal liens, contrary to the established doctrine, simply by causing an inchoate lien to attach at some arbitrary time even before the amount of the tax, assessment, etc., is determined." *Id.* at 86. (Internal quotations and citations omitted.) The United States' restitution lien was choate on April 11, 2016, because it was specific as to the lienor, the property subject to the lien, and the amount, and thus has priority over the State's civil suit.

In addition, quashing this garnishment in favor of the State's suit under SCFRA would achieve an absurd result. Application of the SCFRA to Mr. Kennedy's pension benefits will result in the State seizing 90% of his monthly benefit payment. According to the Answer of the Garnishee Michigan Public School Employees Retirement System, Mr. Kennedy's net monthly disposable benefit totals $1,684.53, (R. 60, PageID.425), which means that the State will seize $1,516.08 (90%) per month to put in its coffers towards costs of his incarceration. Mr. Kennedy will be left with $168.45 per month under that formula, from which he must pay a minimum of $25.00 per quarter towards victim restitution, according to his Judgment. For purposes of comparison, a $25/quarter restitution payment equates to roughly $8.33 per month, distributed, in this case, between two victims that Mr. Kennedy collectively swindled out of over $1.2 million. Assuming Mr. Kennedy's victims receive equal shares of any restitution payments, the victims will receive approximately $4.17 per month, while the State of Michigan receives $1,516.08.

By contrast, the United States is limited to garnishing 25% of a debtor's disposable earnings, under the Consumer Protection Act, 28 U.S.C. § 3002(9) and 15 U.S.C. § 1673. In this case, using Mr. Kennedy's net monthly disposable earnings of $1,684.53, there is a total of $421.13 (25%) per month available for garnishment by the United States to go to his victims, or $210.57

4

each.[4,5] While 90% of the remainder of his pension funds may be subject to seizure by the State under SCFRA, this outcome most effectively carries out Congressional intentions to protect crime victims, as expressed in the MVRA, and the statutory obligations of the United States to pursue victim restitution.

Mr. Kennedy also asserts, as a basis for his objection to the writ of garnishment, that the State Bar of Michigan Client Protection Fund has paid or will pay a total of $150,000.00 to the Estate of Virginia Weber, one of his victims, as compensation. Kennedy misperceives the import of this payment with respect to his obligation to pay restitution: it has no impact whatsoever.

> If a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided . . . the compensation, but the restitution order shall provide that *all restitution* of victims required by the order *be paid to the victims before any restitution is paid to such a provider* of compensation.

18 U.S.C. § 3664(j)(1) (emphasis added).

Furthermore, the fact that no installment payments are in default is similarly of no consequence to the Government's ability to garnish Mr. Kennedy's assets. Contrary to his assertions, with respect to monetary penalties, the United States is not "limited to the rights and obligations of this Court's judgment," (R. 58, ¶ 18), but may "enforce a restitution order by all other available and reasonable means, including in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." *United States v. Miller*, 588 F.Supp.2d 789, 797 (W.D. Mich. 2008) (internal quotations and citations omitted.) The *Miller*

---

[4] Again, this calculation assumes that each victim receives an equal share of monies disbursed. Given the drastic difference in the loss amounts between the two victims, it is possible that monies would be disbursed on a pro rata basis that hinged on their percentage of the total loss. The United States uses a 50/50 distribution method here for illustrative purposes only, and is making no statement regarding the manner in which the Clerk of Court distributes restitution payments in this case.

[5] The United States agrees with Mr. Kennedy, in his Response to the Garnishee's Answer (R. 61), that the amount available for garnishment is miscalculated by the Garnishee in its Answer, and that the proper amount available for garnishment is $421.13.

Court noted "that the periodic payment provision in a criminal judgment cannot be immutable or insulate a defendant from other collection efforts." *Id.* at 796. Indeed, enforcement of the debt outside the Court-ordered payment schedule is doubly-warranted when a defendant neglects to inform the Court of assets he has available that should be considered when setting the payment schedule. In this case, in his Final Presentence Report, issued March 31 of this year, Mr. Kennedy reported having zero assets and zero monthly income. (R. 32, ¶ 104). It was his negative cash flow that prompted the Probation Office to state that he did not have "the ability to pay more than minimal installment payments from prison earnings or when released." (R. 32, ¶ 105). Curiously, however, the State of Michigan instituted a freeze on his pension benefits on April 6, 2016, six days after his Final PSR was issued and five days before his sentencing. (R. 58, ¶ 5). Mr. Kennedy cannot now claim immunity from restitution enforcement efforts over and above his minimal payment plan when he appears to have misled the Court into the belief that he had no assets.

Mr. Kennedy has requested this Court to quash the garnishment, or in the alternative, a hearing. Pursuant to 28 U.S.C. § 3202(d), the issues that may be addressed at a garnishment hearing are limited to:

(1)  the probable validity of any claim of exemption by the judgment debtor;

(2)  compliance with any statutory requirement for the issuance of the post judgment remedy granted; and

(3)  if the judgment is by default and only to the extent that the constitution or another law of the United States provides a right to a hearing on the issue,

   (A)  the probable validity of the claim for the debt which is merged in the judgment; and
   (B)  the existence of good cause for setting aside such judgment.

This subparagraph shall not be construed to afford the judgment debtor the right to more than one such hearing except to the extent that the Constitution or

6

another law of the United States provides a right to more than one such hearing.

On his Claim for Exemption Form and Objection to the garnishment, Mr. Kennedy claimed no statutory exemptions, nor has he asserted that the United States failed to comply with statutory requirements. Furthermore, the judgment imposing his restitution debt was not by default, so subparagraph (3) is wholly inapplicable. Therefore, no hearing should be scheduled in this matter. Additionally, Mr. Kennedy did not request a hearing in his Response to the Garnishee's Answer, so no hearing is warranted under 28 U.S.C. § 3205(c)(5).

**CONCLUSION**

For the foregoing reasons, the United States submits that the Defendant has not raised any issue which would justify quashing the writ of garnishment issued in this case or scheduling a hearing to address that issue.  Mr. Kennedy's objection to the garnishment against his portion of his ex-wife's pension account at Michigan Public School Employees Retirement System should be denied, and a garnishment order should be issued.

Respectfully submitted,

PATRICK A. MILES, JR.
United States Attorney

Dated:  August 2, 2016

/s/ Jennifer S. Murnahan
JENNIFER S. MURNAHAN
Assistant United States Attorney
Post Office Box 208
Grand Rapids, MI  49501-0208
(616) 456-2404
jennifer.murnahan@usdoj.gov

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

    Plaintiff,　　　　　　　　　　　　Case No. 1:15CR183-01

      v.　　　　　　　　　　　　　　　　Honorable Janet T. Neff
　　　　　　　　　　　　　　　　　　　United States District Judge
MICHAEL AHO KENNEDY,

    Defendant.
_____/

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 2, 2016, she mailed, postage pre-paid via first class mail, a copy of UNITED STATES' MEMORANDUM IN RESPONSE TO DEFENDANT'S OBJECTION TO WRIT OF GARNISHMENT to the following:

    Michael Aho Kennedy – MDOC #972647
    Macomb County Correctional Facility
    34625 26 Mile Road
    New Haven, MI  48048

　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　PATRICK A. MILES, JR.
　　　　　　　　　　　　　　　　　　　United States Attorney


Dated:  August 2, 2016　　　　　　　　/s/ Jennifer S. Murnahan
　　　　　　　　　　　　　　　　　　　JENNIFER S. MURNAHAN
　　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　　Post Office Box 208
　　　　　　　　　　　　　　　　　　　Grand Rapids, MI  49501-0208
　　　　　　　　　　　　　　　　　　　(616) 456-2404
　　　　　　　　　　　　　　　　　　　jennifer.murnahan.usdoj.gov